BUTTRICK v. NASHUA IRON & STEEL CO.

Under Rev. St., c. 40, s. 7, real estate was properly taxed to a person in possession under a parol agreement to purchase, if he consented to be taxed for it.

Under Rev. St., c. 45, s. 13, real estate was not holden for the payment of the poll tax of a person in possession under a parol agreement to purchase.

If part of the taxes for which property is sold are illegal, the sale is void.

WRIT OF ENTRY.   Facts found by a referee.   The plaintiff purchased the land in dispute upon a sale for taxes, assessed thereon in 1859 against one Cutter, with his consent, including his poll tax.   At the time of the assessment the legal title was in one Pearson, and Cutter was in possession under a parol agreement to purchase, but he abandoned possession before the tax sale.   The defendants claim title from Pearson.

*Wadleigh & Wallace*, for the plaintiff.

*G. Y. Sawyer & Sawyer, Jr.*, for the defendants.

BINGHAM, J.   The land was properly taxed to Cutter.   It could be taxed to the person claiming it, or to the person in the possession and actual occupancy if he would consent to be taxed for it. Rev. St., *c.* 40, *s.* 7.   The plaintiffs claim that the land was holden for Cutter's poll tax, under Rev. St., *c.* 45, *s.* 13, which provides that the real estate of every person against whom a tax may be assessed shall be holden for such tax.   Cutter had no legal interest in the real estate.   The land of one person cannot be held for a tax assessed against the person or property of another.   Part of the taxes for which the land was sold being illegal, the sale is void. Blackwell Tax Titles 160, 161.

*Judgment for the defendant.*

STANLEY, J., did not sit: the others concurred.